UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PEDRO ESPINDOLA, JAY VANDERVORT, and
ORDER UP ANALYTICS,

                      Plaintiffs,

  vs.
                                                  1:20-cv-1596
                                                    (MAD/DJS)

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, CHAD WOLF, as
Secretary of Homeland Security, ALEJANDRO
MAYORKAS, as Director of U.S. Citizenship and
Immigration Services, and ROSEMARY LANGLEY
MELVILLE, California Service Center
Director,

                      Defendants.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**WHITEMAN OSTERMAN & HANNA LLP**      **SETH R. LEECH, ESQ.**
One Commerce Plaza
Albany, New York 12260
Attorneys for Plaintiffs

**U.S. DEPARTMENT OF JUSTICE**           **JOHN D. HOGGAN, JR., AUSA**
445 Broadway, Room 218
James T. Foley Courthouse
Albany, New York 12207
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

1

On December 22, 2020, Plaintiffs Pedro Espindola, Jay Vandervort, and Order Up Analytics, commenced this action against Defendants United States Department of Homeland Security, Alejandro Mayorkas as the Secretary of Homeland Security, Tracy Renaud as the Director of U.S. Citizenship and Immigration Services ("USCIS"), and Donna Campagnolo as California Service Center Director.[1]  Specifically, Plaintiffs seek a writ of mandamus to compel the USCIS to accept and adjudicate an H-1B visa petition on behalf of Plaintiff Espindola.  Dkt. No. 1 at ¶ 18.

On March 10, 2021, Defendants filed a motion to dismiss this action for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 7.

## II. BACKGROUND

**A.    Regulatory Framework**

An H-1B visa, which Plaintiff ultimately seeks, grants non-citizens a nonimmigrant worker classification to perform services for a sponsoring employer in a specialty occupation.  8 U.S.C. § 1101(a)(15)(H)(i)(b).  Congress has limited the "total number of aliens who may be issued visas or otherwise provided nonimmigrant status during any fiscal year" to 85,000.  8 U.S.C. § 1184(g).

To fairly allocate the 85,000 H-1B visas, the Department of Homeland Security has set up a strict regulatory framework.  First, an employer registers to file a petition on behalf of a beneficiary during a fourteen-day registration window on the USCIS website.  8 C.F.R. §§ 214.2(h)(8)(iii)(A)(1)-(3).  If the USCIS receives more registrations than the 85,000-cap permits, the agency closes the registration period and randomly selects the registrations necessary to meet

---

[1] Pursuant to Fed. R. Civ. P. 25(d), where an officer "ceases to hold office while the action is pending," the successor is automatically substituted as a party.

the cap.  8 C.F.R. § 214.2(h)(8)(iii)(A)(5)(ii); 8 C.F.R. § 214.2(h)(8)(iii)(A)(6)(ii).  This procedure is commonly referred to as the lottery.

The unselected registrations remain on reserve for the fiscal year in case the selected registrations do not receive all the available visas.  8 C.F.R. § 214.2(h)(8)(iii)(A)(7).  If the unselected registrations still do not fill the H-1B cap, then the USCIS will reopen the registration period and, if necessary, conduct another lottery.  *Id*.

If a registration is selected, the petitioner is notified that it is eligible to file an H-1B cap-subject petition on behalf of the beneficiary "only within the filing period indicated on the notice."  8 C.F.R. § 214.2(h)(8)(iii)(D)(1).  "An H-1B cap subject petition must be properly filed within the filing period indicated on the relevant selection notice…. If the petitioners do not meet these requirements, the USCIS will deny or reject the H-1B cap-subject petition."  8 C.F.R. § 214.2(h)(8)(iii)(D)(2).

The regulations delineate reasons for rejection of a benefit request, including "[s]igned with a valid signature."  8 C.F.R. § 103.2(a)(7)(ii)(A).  The regulation is clear, "[a] benefit request which is rejected will not retain a filing date."  *Id*.

**B.    Factual Background**

On March 28, 2020, Plaintiff Order Up Analytics was notified that its registration on behalf of beneficiary Plaintiff Pedro Espindola was selected in the lottery process.  Dkt. No. 1 at ¶ 13.  Accordingly, on June 26, 2020, Plaintiffs Order Up and its CEO Jay Vandervort filed an H-1B petition on behalf of its employee, Plaintiff Espindola.  *Id.* at ¶ 9.  The deadline for the USCIS to receive the H-1B petition was June 30, 2020.  *Id*. at ¶ 12.

Plaintiffs allege that they submitted a "complete" H-1B petition, but that the petition was rejected because it was missing page sixteen of Form I-129, a required signature page.  *Id.* at ¶ 10.

3

Plaintiffs "strongly believe" that they included the missing signature page. *Id*. The USCIS maintains that the missing page was never submitted. *Id*. at ¶ 14.

Plaintiffs resubmitted the H-1B petition five times following its initial rejection. *Id*. The USCIS rejected the resubmissions as untimely because they were received after the June 30 deadline. *Id*. Plaintiffs further allege that their last submitted petition, on September 22, 2020, was never returned by the USCIS. *Id*. at ¶ 16.

Plaintiffs bring two causes of action. First, Plaintiffs seek to compel Defendants to "immediately accept Plaintiff's H-1B petition as of the date of the USCIS timestamp of the original petition submitted June 28, 2020" because "Defendants' refusal to act in this case is arbitrary capricious, and not in accordance with the law." *Id*. at ¶¶ 25-26. The Court interprets the request to compel administrative action as an action pursuant to the Mandamus Act, 28 U.S.C. § 1361. Second, Plaintiffs allege Defendants' delay and refusal to adjudicate the petition violate the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* Dkt. No. 1 at ¶¶ 28-30.

### III. DISCUSSION

**A.     Subject Matter Jurisdiction**

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services*, Inc., 545 U.S. 546, 552 (2005). When subject matter jurisdiction is lacking, dismissal is mandatory. *See United States v. Griffin*, 303 U.S. 226, 229 (1938); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "A plaintiff asserting

subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### 1. Mootness

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). "Federal Courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). Thus, a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Already LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)) (internal quotation marks omitted).

Defendants assert that the case is moot because "the relief sought cannot be granted." Dkt. No. 7 at 13. The USCIS has already completed the lottery and received petitions necessary to reach the 85,000 cap on H-1B visa for Fiscal Year 2021. *Id.*; Dkt. No. 8 at 9. Defendants argue that they therefore do not have the statutory power to grant the remedy sought. Dkt. No. 7 at 13.

Defendants direct the Court to cases that have strictly construed the USCIS's power to grant relief with respect to diversity visas following the end of the fiscal year. *See Mohamed v. Gonzales*, 436 F.3d 79 (2d Cir. 2006); *National Basketball Retired Players Association v. USCIS*, No. 16 CV 09454, 2017 WL 2653081, *4 (N.D. Ill. June 20, 2017); *Zaman v. Rice*, No. CV-05-4641 CPS, 2006 WL 1967486, *2 (E.D.N.Y. July 12, 2006). These cases hold that the USCIS (or its predecessor, the INS) does not have the statutory power to issue diversity visas after the end of the fiscal year, and were therefore incapable of remedying the plaintiffs' claims, rendering the action moot. Defendants cite no case which applies the same principle to the H-1B cap.

Here, the H-1B cap has not been reached. Defendants argue that the case is moot because they have "received the number of H-1B petitions projected as needed to reach the statutory H-1B numerical allocations for FY2021." Dkt. No. 7 at 13. Defendants, however, have not issued H-1B visas to reach the cap, they merely received sufficient H-1B petitions to issue the maximum number of visas sometime this year.

Accordingly, Defendants still retain the power to issue H-1B visas in this fiscal year. Defendants are therefore mistaken that they already lack statutory authority to grant the relief sought in this case. The statutory cap states "total number of aliens who may be **issued** visas," may not exceed 85,000. 8 U.S.C. § 1184(g) (emphasis added). Until 85,000 H-1B visas have been issued, the USCIS retains the power to grant the relief Plaintiffs seek and this case is not moot.

### 2. *Mandamus Act*

Plaintiffs' first cause of action asks the Court to compel the USCIS to accept Plaintiffs' first H-1B petition as timely filed. Because it seeks a writ of mandamus to compel an administrative action, the Court interprets it as a request pursuant to the Mandamus Act. *See, e.g., Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020); *L.M. v. Johnson*, 150 F. Supp. 3d 202, 206 (E.D.N.Y. 2015).

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To obtain relief, a plaintiff must show that "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008) (citation

omitted). "Mandamus is an extraordinary remedy, available only in extraordinary circumstances...." *Aref v. United States*, 452 F.3d 202, 206 (2d Cir. 2006) (citation omitted). Mandamus may not be employed "to direct the exercise of judgment or discretion in a particular way." *Wilbur v. United States ex rel. Kadrie*, 281 U.S. 206, 218 (1930).

Although mandamus jurisdiction is "closely related to the merits of whether a writ of mandamus should issue," *Ocuto Blacktop & Paving Co., Inc. v. Perry*, 942 F. Supp. 783, 786 (N.D.N.Y. 1996), mandamus jurisdiction is "inappropriate where there is no plainly defined clear nondiscretionary duty … or where there is no compelled duty owed to the plaintiff[.]" *Anand v. U.S. National Sec. Agency*, 2006 WL 3257430, *5 (N.D.N.Y. Nov. 9, 2006) (citing *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989)).

Plaintiffs request the Court to "waive the technical error in the interests of justice," regardless of whether the signature page was submitted. Dkt. No. 1 at ¶ 21. In their first count, Plaintiffs question whether "the factual issue of fault in the absence of the page 16 of form I-129 even needs to be addressed." *Id.*

Plaintiffs are unable to demonstrate a "clear right to the relief sought" or that the USCIS had a "plainly defined and peremptory duty to perform the act in question." *Benzman*, 523 F.3d at 133. In fact, the regulatory framework specifically dictates the USCIS to reject a petition that is submitted without a signature and not retain its filing date. 8 C.F.R. § 103.2(a)(7)(ii). Since Plaintiffs have not alleged facts demonstrating that they are entitled to have their Form I-129 processed, as required by the Mandamus Act, the claim must be dismissed. *See, e.g., Controlled Air, Inc. v. Barr*, No. 3:19-CV-1420, 2020 WL 979874, *10 (D. Conn. Feb. 28, 2020).

At best, Plaintiffs argue that Defendants could have waived the signature requirement. Plaintiffs, however, fail to demonstrate entitlement to the relief sought or that Defendants had a

7

duty to accept the deficient petition. The Court therefore does not have subject matter jurisdiction over Plaintiffs' first cause of action.

**B.     Motion to Dismiss**

  *1.     Standard of Review*

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the plaintiff's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," see Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," see *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

    2.    *Administrative Procedure Act*

The Administrative Procedures Act ("APA") requires a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed[.]"  5 U.S.C. § 706(1).  A claim under this section "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."  *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphases in original); *Benzman*, 523 F.3d at 130.  The APA provides for judicial review of an agency action that is either not completed "within a reasonable time," or is "unreasonably delayed."  5 U.S.C. § 555(b).  "The APA requires courts to 'hold unlawful and set aside agency action, findings, and conclusions' that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' or 'unsupported by substantial evidence.'"  *Chursov v. Miller*, No. 18-CV-2886, 2019 WL 2085199, *3 (S.D.N.Y. May 13, 2019) (quoting 5 U.S.C. §§ 706(2)(A), (E)).

Plaintiffs' complaint alleges that a "complete" H-1B petition was submitted and signed by Plaintiff Vandervort.  Dkt. No. 1 at ¶ 10.  Defendants, however, have attached the administrative record to their motion to dismiss.  *See* Dkt. Nos. 6-3, 6-4, 6-5, 6-6.

For an APA case, the district court "sits not as a fact-finder, but as a reviewing court[.]" *Almaklani v. Trump*, 444 F. Supp. 3d 425, 430 (E.D.N.Y. 2020) (citing *Florida Power & Light*

*Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)). "Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision." *Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997). This is commonly referred to as the "record rule." *See id*. A district court, therefore, properly considers the administrative record at the motion to dismiss stage. *Alzokari v. Pompeo,* 394 F. Supp. 3d 250, 254 (E.D.N.Y. 2019); *Saget v. Trump*, 345 F. Supp. 3d 287, 293 (E.D.N.Y. 2018); *Bates v. Donley*, 935 F. Supp. 2d 14, 17 (D.D.C. 2013) ("[W]hen faced with a motion to dismiss in the APA context, a court may consider the administrative record and public documents without converting the motion into a motion for summary judgment") (citation omitted).

Administrative actions are entitled to a presumption of regularity. *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001); *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971). To overcome the "record rule," a plaintiff must make "a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers[.]" *Nat'l Audubon*, 132 F.3d at 14.[2] It is well established that this is "no small hurdle" to overcome. *Ali v. Pompeo*, No. 16-CV-3691, 2018 WL 2058152, *5 (E.D.N.Y. May 2, 2018). A "naked assertion of bad faith" is insufficient. *Citizens Against Casino Gambling In Erie Cty. v. Stevens*, 814 F. Supp. 2d 261, 265 (W.D.N.Y. 2011); *see also New York v. Salazar*, 701 F. Supp. 2d 224, 240 (N.D.N.Y. 2010).

Plaintiffs have made no showing of bad faith regarding the USCIS's rejection of the H-1B petition and have failed to overcome the presumption of regularity that attaches to the USCIS's

---

[2] Alternatively, it is appropriate to supplement the record "where the absence of formal administrative findings makes [extra-record] investigation necessary in order to determine the reasons for the agency[ ]" decision. *Nat'l Audubon*, 132 F.3d at 14. Here, the basis for the agency decision is provided by the record, page sixteen of Form I-129 does not appear in the record. *See* Dkt. No. 6-3 at 24-25.

handling of this petition.  There are no allegations in the complaint that demonstrate an entitlement to discovery beyond the record.  *See Almaklani*, 444 F. Supp. 3d at 431.

As discussed above, if the signature page of Form I-129 was not submitted, there is no discrete action that the USCIS was required to take.  *See, e.g.*, *Controlled Air, Inc.*, 2020 WL 979874, at *10.  Defendants followed their own regulations: 8 C.F.R. §(a)(7)(ii) clearly and unambiguously states that an H-1B petition will be rejected if it is missing a signature, and a rejected petition for a missing signature will not retain its filing date.  *Id*.  The USCIS's failure to depart from its own regulations in order to accept a deficient petition is not arbitrary, capricious, or an abuse of discretion.  *Mutasa v. U.S. Citizenship & Immigr. Servs.*, — F. Supp. 3d —, 2021 WL 1207482, *5-8 (D.N.J. Mar. 31, 2021).  Because the administrative record does not show page sixteen of Form I-129, the USCIS's rejection was supported by the evidence and pursuant to its own regulations.

The Court regrets the rigidness of the application process and recognizes the harshness of the result.  Equitable considerations, unfortunately, do not bestow the Court with power under the APA to compel agency action.

### IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 12, 2021
Albany, New York

                                           *[signature]*
                                           Mae A. D'Agostino
                                           U.S. District Judge